IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAROLD C. BOZEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action NO. 2:05cv45-A |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | (WO) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**I.  INTRODUCTION**

This cause is before the court on Defendant Lucent Technologies Inc.'s ("Lucent") Motion to Dismiss or, in the alternative, Motion for Partial Summary Judgment (Doc. #2) filed on April 11, 2005.  The Plaintiffs, Harold C. Bozeman and an additional forty-three plaintiffs, originally filed a Complaint in this case on January 19, 2005 (Doc. #1) bringing claims for violations of section 10(b) of the Exchange Act and Rule 10b-5 (Count I), violations of §8-16-17 and §8-6-19 of the Alabama Securities Act (Count II), and common law fraud (Count III).  Lucent argues Plaintiffs' claims were not timely filed, there is no private cause of action under Alabama Code §8-6-17, and Lucent was not a "seller" of the securities at issue under Alabama Code §8-6-19.

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

For reasons to be discussed, the Motion to Dismiss is due to be Granted in part.

**II.  MOTION TO DISMISS STANDARD**

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted).  The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.  Hishon, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

### III.  FACTS

The relevant procedural predicate and the allegations of the Plaintiffs' Complaint are as follows:

Plaintiff Harold C. Bozeman and forty-three (43) other plaintiffs (collectively "Plaintiffs") are purchasers of Lucent's common stock.  Beginning in mid-1999, Lucent represented that it was at the forefront of competition in the telecommunications industry, but the true circumstances "belied" Lucent's representations.  See Compl. ¶ 27.  By the fall of 1999, Lucent was facing "severe" problems with a broad range of its optical networking products, id. at ¶ 28, and that from October 26, 1999 through December 21, 2000, Lucent improperly booked hundreds of millions of dollars of revenue.  Id. at ¶ 33.  Lucent took various steps to conceal its true financial situation from the investing public.  Id. at ¶ 31.

On January 6, 2000, Lucent announced that the company would miss analysts' earnings estimates for the first quarter of fiscal 2000. Id. at ¶ 34. A month later, on February 9, 2000, a class action alleging federal securities violations was filed against Lucent in the United States District Court for the District of New Jersey. See In re Lucent Techs., Inc. Sec. Litig., Civil Action No. 00-621 (AJL). Many additional class action complaints were filed thereafter. In addition to its January 2000 announcement, Lucent reported disappointing news with respect to earnings on July 20, 2000 and October 10, 2000. Id. at ¶¶ 36-37. On November 21, 2000, and December 21, 2000, Lucent reported that it had discovered issues concerning its previously reported earnings figures. Id. at ¶¶ 39-40. On December 21, 2000, Lucent announced that it was reducing its previously announced earnings for the fourth quarter of 2000, reducing its reported earnings by $679 million. Id. at ¶ 40. On December 21, 2000, Lucent publicly acknowledged that the company's results had been inflated because it had recognized revenue from sales that were not yet final. Id. at ¶ 66.

The common stock class action cases were all consolidated into one national class action case. That case was settled in March 2003. The settlement provided that notice of the settlement was to go out to prospective class members and that anyone who wanted to elect not to participate in the settlement had to file a request to "opt out" by November 25, 2003. On or before November 25, 2003, the Plaintiffs in this case opted out of the New Jersey class action. See Def. Mot. to Dismiss, Exh. A: Opt Out Notices.[1]

---

[1] Defendant Lucent filed a motion to dismiss, or in the alternative, for partial summary judgment. In support thereof, Lucent relies upon attached Plaintiff opt out forms. Although this court may construe the motion to dismiss as a motion for summary judgment on account of the attached documents, the court finds that because the relevant documents are indisputable, and their subject matter is otherwise directly referenced in the Complaint, the opt out forms can

3

On October 19, 2004, Michael Randman, Bozeman, and the forty-three additional Plaintiffs herein filed suit against Lucent in the United States District Court for the Northern District of Alabama, CV 04-C-3042-S ("Randman").[2]  In their three-count complaint, the Randman plaintiffs alleged that Lucent violated §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5, 17 C.F.R. § 240.10b-5, §§ 8-6-17 and 8-6-19 of the Alabama Securities Act, and committed common law fraud.

On December 1, 2004, Lucent moved to consolidate Randman with a nearly identical suit filed against Lucent in the Northern District of Alabama by John Samuel Hilsman (CV 04-AR-1112-M).  On December 21, 2004, Judge William M. Acker entered a severance order requiring that "each named plaintiff other than John Samuel Hilsman and Michael Randman shall pay a filing fee within ten (10) days and obtain a separate case number.  Each plaintiff's case shall thereupon proceed as a separate case, although consolidated for discovery."  Def. Mot. to Dismiss, Exh. B: Dec. 21, 2004 Order.

Plaintiff Bozeman and the forty-three other plaintiffs herein did not pay the required separate filing fees and did not obtain separate case numbers.  On January 12, 2005, Judge Acker ordered that:

---

properly be attached to a motion to dismiss without converting it into a summary judgment motion.  See Harris v. IVA Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

[2] Since neither party attaches the Randman Complaint, the court takes judicial notice of this undisputed fact.  See Fed. R. Evid. 201(b)(2); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted) (stating a "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

> The named plaintiffs in [04-AR-3042-S] except for Michael Randman, not having complied with the order entered on December 21, 2004, that expressly required them to file separate cases accompanied by separate filing fees, the actions of [Plaintiffs Bozeman, et al.] are hereby DISMISSED WITHOUT PREJUDICE.

Def. Mot. to Dismiss, Exh. C: Jan. 12, 2005 Order.  Bozeman and the forty-three plaintiffs then filed this action on January 19, 2005.  The allegations in Plaintiffs' current Complaint are identical to those made in their earlier complaint in Randman.

## IV.  DISCUSSION

Lucent moves this court for dismissal of all of Plaintiffs' claims, arguing: a) Plaintiffs' federal and state claims were not timely filed, b) Plaintiffs lack a private right of action to bring a claim under Alabama Code § 8-6-17 because the statute lacks a private right of action, and c) Lucent is not a "seller" under Alabama Code § 8-6-19.  Because this court finds that Plaintiffs' federal claims are time barred, it does not reach Lucent's remaining arguments.

Statute of Limitations

1.  Federal claims

Actions brought under §10(b) and Rule 10b-5 "must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." Lampf et al. v. Gilbertson, 501 U.S. 350, 364 (1991).  The filing of a class action tolls the statute of limitations for the claims covered by the representative action.  See Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).

Both parties agree that an earlier New Jersey federal district court class action, In re Lucent Techs., Inc. Sec. Litig., Civil Action No. 00-621 (AJL), tolled Plaintiffs' federal claims.[3]

---

[3] Though the parties differ on exact date of tolling, using either date would reach the same result here.

Plaintiffs argue that the statute of limitations on Plaintiffs' federal cause of action would not have begun to run again until the case was ordered dismissed by the Third Circuit Court of Appeals on August 17, 2004.  See Pls. Resp. Br. Exh. D: Order of Dismissal.  Plaintiffs, however, opted out of the New Jersey class action on or before November 25, 2003.[4]

Plaintiffs have cited no support for the proposition that their claims were tolled after they opted out of the New Jersey class action.  In fact, many federal courts have held that "the statute begins running anew from the date when the class member exercises the right to opt out because before this time, the class member is deemed to be actively prosecuting her rights."  See Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir. 1985) (citing Appleton Elec. Co. v. Graves Truck Line, Inc., 635 F.2d 603, 608-10 (7th Cir. 1980), cert. denied, 451 U.S. 976 (1981); Wood v. Combustion Eng'g, Inc., 643 F.2d 339 (5th Cir. 1981)).

Furthermore, Plaintiffs can find no refuge in the fact they were parties in the Northern District of Alabama Randman class action, even though that class action brought identical federal claims.  The Randman class action was filed on October 19, 2004, which was within a year of Plaintiffs' November 25, 2003 opt out of the New Jersey action.  Plaintiffs' claims in Randman, however, were dismissed, without prejudice, after Plaintiffs failed to comply with the court's severance order requiring re-filing.  See Def. Mot. to Dismiss Exh. C: January 12, 2005 Order.  "Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."  Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted).  In other words, "once a suit is dismissed, even if without prejudice,

---

[4] For purposes of this motion, Lucent stipulates that the limitations period began running again on or before November 25, 2003, the very last day available for class members to opt out. See Def. Mot. to Dismiss at 4.

'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" See Ciralsky v. C.I.A., 355 F.3d 661, 672 (D.C. Cir. 2004) (citing Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (holding that "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.")). Plaintiffs had one year from their respective opt out dates, the latest of which would have been November 25, 2003, to prosecute their federal claims. The present action was filed on January 19, 2005, almost two months outside the one year statute of limitations.

In some circumstances, the severity of the aforementioned rule is mitigated by the doctrine of equitable tolling. See Elmore, 227 F.3d at 1011. Nonetheless, Plaintiffs fail to explain why they did not re-file as directed by the district court in Randman, nor have they adequately explained why this court should apply the doctrine of equitable tolling here. See Bost, 372 F.3d at 1242 (citing Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993)) (holding that "[a]lthough a court may equitably toll a limitations period, the plaintiffs must establish that tolling is warranted."). Equitable tolling "is an extraordinary remedy which should be extended only sparingly" and "is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence." See id. Ultimately, Plaintiffs failed to take the necessary steps to actively prosecute their federal claims within the time allowed by the statute of limitations and fail to establish that equitable tolling is warranted. Plaintiffs' federal claims, therefore, are time barred and due to be dismissed.

2. State claims

The only basis for jurisdiction asserted in the Complaint is federal question jurisdiction. Although the Complaint contains allegations as to citizenship of the parties, there is no allegation of an amount in controversy so as to allege diversity of citizenship jurisdiction. Perhaps because "the amount in controversy is immaterial to subject matter jurisdiction in federal securities cases," see <u>Jones v. Int'l Inventors Inc. E.</u>, 429 F. Supp. 119, 126 (N.D. Ga. 1976), Plaintiffs omitted any allegations regarding the matter. Nonetheless, only state law claims remain and Plaintiffs fail to allege diversity jurisdiction.[5] The court will allow the Plaintiffs to amend their Complaint to sufficiently allege a basis for jurisdiction of the state law claims, if they wish to do so, and if they do, the court will then treat the Defendant's Motion (Doc. #2) as being directed to the state law claims contained in such Amended Complaint.

## V.  <u>CONCLUSION</u>

For the reasons discussed above, it is hereby ORDERED that Defendant Lucent Technologies, Inc.'s Motion to Dismiss is GRANTED as to Plaintiffs' federal claim, and Plaintiffs' federal claim is DISMISSED with prejudice. Plaintiffs' are given until **July 29, 2005**, to file an Amended Complaint sufficiently alleging a jurisdictional basis for their state law claims, if they wish to do so. Otherwise, those claims will be dismissed without prejudice for want of jurisdiction.

Done this 21st day of July, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]Neither does the Complaint allege that the court should take supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.