**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HAROLD C. BOZEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | (WO) |
| | ) | |
| v. | ) | Civil Action NO. 2:05cv45-A |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on Defendant Lucent Technologies Inc.'s ("Lucent") Motion to Dismiss or, in the alternative, Motion for Partial Summary Judgment (Doc. #2) filed on April 11, 2005. The Plaintiffs, Harold C. Bozeman ("Bozeman") and an additional forty-three plaintiffs, originally filed a Complaint in this case on January 19, 2005 (Doc. #1) bringing claims for violations of section 10(b) of the Exchange Act and Rule 10b-5 (Count I), violations of §8-16-17 and §8-6-19 of the Alabama Securities Act (Count II), and common law fraud (Count III).

This court previously dismissed the Plaintiffs' federal claims and gave the Plaintiffs additional time in which to file an Amended Complaint which alleges a jurisdictional basis for their state law claims. The Plaintiffs have now amended their Complaint to sufficiently allege both supplemental and diversity jurisdiction over their state law claims. Therefore, the court determines that it has jurisdiction and will now address those claims.

The court has more fully set out the facts pertinent to this case in the Memorandum

Opinion and Order granting the Motion to Dismiss as to the federal claims. (Doc. # 11). The facts relevant to the Motion to Dismiss the state law claims are as follows:

There was a nationwide class action in New Jersey against Lucent which settled in March 2003. The Plaintiffs in this case opted out of the class action. On October 19, 2004, Michael Randman, Bozeman, and the forty-three additional Plaintiffs herein filed suit against Lucent in the United States District Court for the Northern District of Alabama, CV 04-C-3042-S ("Randman").[1] In their three-count complaint, the Randman plaintiffs alleged that Lucent violated §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5, 17 C.F.R. § 240.10b-5, §§ 8-6-17 and 8-6-19 of the Alabama Securities Act, and committed common law fraud.

On December 1, 2004, Lucent moved to consolidate Randman with a nearly identical suit filed against Lucent in the Northern District of Alabama by John Samuel Hilsman (CV 04-AR-1112-M). On December 21, 2004, Judge William M. Acker entered a severance order requiring that "each named plaintiff other than John Samuel Hilsman and Michael Randman shall pay a filing fee within ten (10) days and obtain a separate case number. Each plaintiff's case shall thereupon proceed as a separate case, although consolidated for discovery." Def. Mot. to Dismiss, Exh. B: Dec. 21, 2004 Order.

Plaintiff Bozeman and the forty-three other plaintiffs herein did not pay the required separate filing fees and did not obtain separate case numbers. On January 12, 2005, Judge Acker

---

[1] Since neither party attaches the Randman Complaint, the court takes judicial notice of this undisputed fact. See Fed. R. Evid. 201(b)(2); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted) (stating a "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

ordered that Bozeman and the forty-three other plaintiffs herein be dismissed without prejudice. Def. Mot. to Dismiss, Exh. C: Jan. 12, 2005 Order. Bozeman and the forty-three plaintiffs then filed this action on January 19, 2005.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED as to the state law claims.

## II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

## III. DISCUSSION

As stated earlier, the court previously has ruled on the Motion to Dismiss as to the federal claims and has ordered that the federal claims filed by the Plaintiffs in this case be dismissed. If the court had only supplemental jurisdiction over the state law claims, dismissing Plaintiffs' claims arising under the federal securities laws would cause this court to dismiss the pendent state claims without prejudice pursuant to 28 U.S.C. § 1367(c), as more properly litigated in state

court. See Bio-Medical Scis., Inc. v. Weinstein, 407 F. Supp. 970, 974 (S.D. N.Y. 1976). In this case, however, the Plaintiffs allege, and the court accepts, that the court has both supplemental and diversity jurisdiction. Contra id. at n. 7 (dismissing the pendent state law claims because there was no basis for diversity jurisdiction between Bio-Medical and any of the defendants). Therefore, the court, having diversity jurisdiction, will analyze the statute of limitations defense as asserted against the Plaintiffs' state law claims.

The statute of limitations on each of Plaintiffs' state law claims is two years from the accrual of the cause of action. See Ala. Code § 8-6-19(f) (2002); Ala. Code § 6-2-3 (1993). Because Plaintiffs' state causes of action would otherwise be barred by Alabama's statutes of limitations, this court is presented with the question as to whether the statutes of limitations for Plaintiffs' state causes of action should be equitably tolled during the pendency of the earlier federal class action.

Plaintiffs argue that the state law claims should be tolled during the period of an earlier class action over similar federal claims since the state law claims are "within the scope" of those made in the earlier federal class action in New Jersey. Pls. Resp. Br. at 4 (citing Morton's Market, Inc. v. Gustafson's Dairy, Inc., 198 F.3d 823, 832 (11th Cir. 1999), amended on other grounds, 211 F.3d 1224 (11th Cir. 2000); Catholic Social Servs., Inc. v. I.N.S., 232 F.3.1139 (9th Cir. 2000)). While it is true that "8-6-17, is identical 'in all respects, other than the insertion of the word 'offer,'' . . . to [federal] Rule 10b-5", see Buffo v. State, 415 So.2d 1158, 1161-62 (Ala. 1982) (citation omitted), Plaintiffs have not cited any binding case law that requires this court to toll their *state securities law claim* when a separate earlier class action dealt with a *federal*

*securities law claim*.[2]

In fact, courts that have examined "cross-jurisdictional tolling" have been reluctant to expand the scope and availability of a state's equitable tolling powers. See Wade v. Danek Medical, Inc., 182 F.3d 281, 287 (4th Cir. 1999) (discussing various courts' treatment of cross-jurisdictional tolling). While Alabama adopted a rule allowing equitable tolling during the pendency of a class action *in their own courts*, see First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc., 409 So. 2d 727, 730 (Ala. 1981), this case "presents a slightly different question: namely, whether a state court would engage in equitable tolling during the pendency of a class action *in another court* – in this case, a federal court in another jurisdiction." See Wade, 182 F.3d at 287 (rejecting cross-jurisdictional tolling, reasoning that the Commonwealth of Virginia "[f]irst, and most importantly, . . . simply has no interest, except out of comity, in furthering the efficiency and economy of the class action procedures of another jurisdiction.") (emphasis added). Ultimately, without binding support for the proposition that their state law claims are tolled due to an earlier federal class action alleging a federal claim,

---

[2] The cases Plaintiffs cite are inapposite. Morton's Market involved a specific statutory tolling of statutes of limitations in private antitrust actions that are "based in whole or in part" on prior government proceedings. See 198 F.3d at 832 (citing 15 U.S.C. § 16(i)). No such statutory tolling provision is applicable here. Also, Catholic Social Services presents a different situation than the present case. The plaintiffs in Catholic Social Services, unlike the Plaintiffs here, initially pursued a federal claim (under the Immigration Reform and Control Act, or the "IRCA") in earlier class actions. The court's language that the current Plaintiffs cite for support, that is, that "[t]he substantive claims asserted in this action are thus within the scope of those asserted in the earlier action," refers to the same IRCA claim that had been asserted all along and an additional federal claim resulting from the then newly passed § 377 of the Illegal Immigration Reform and Immigrant Responsibility Act. As the Ninth Circuit Court of Appeals noted, the plaintiffs in Catholic Social Services were "in a fundamentally different posture from plaintiffs in cases in which subsequent class actions were not allowed. They have at all times vigorously pursued this litigation." This is simply not the case in the current litigation. See Def. Mot. to Dismiss, Exh. C: Jan. 12, 2005 Order.

Plaintiffs' state law claims were filed beyond their respective two year statutes of limitations and are due to be dismissed.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, Defendant Lucent Technologies, Inc.'s Motion to Dismiss, or in the Alternative, Motion for Partial Summary Judgment (Doc. #2) is GRANTED, and it is hereby

ORDERED that Plaintiffs' state law claims are DISMISSED with prejudice.

Costs are taxed against the Plaintiffs.

Final Judgment will be entered accordingly.

Done this 31st day of August, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE